# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE: )
)
EVELYN J STEWART, )    Case No. 12 B 00501
)
)    Chapter 13
               Debtor. )    Judge Jack B. Schmetterer
)
EVELYN J STEWART, )
)
          Plaintiff, )
)
v. )
)
CITIFINANCIAL SERVICES, INC, )    Adversary No. 12 - 00412
)
         Defendant. )
)
)

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against CitiFinancial Services, Inc., the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff filed a petition for relief under Chapter 13 of the United States Code (the "Bankruptcy Code") on January 9, 2012.

2. Defendant CITIFINANCIAL SERVICES, INC. is a lending institution having a mailing address of P.O. Box 140069, Irving, TX 75014-0069 for matters related to Bankruptcy Real Estate.

3.     This adversary proceeding arises under sections 502 and 506 of the Bankruptcy Code.

4.     This Court has jurisdiction under 28 U.S.C. 1334.

5.     Plaintiff resides at 4160 Charleston Road, located in the City of Matteson, State of Illinois, County of Cook, having a parcel identification number of 31-27-201-007-0000 (hereinafter referred to as the "Subject Property").

6.     The Subject Property is Plaintiff's principal residence.

7.     Defendant has agreed to a default judgment because they do not want to hire counsel to represent them in the adversary.

8.     The undisputed fair market value of the Subject Property is $137,300.00.

9.     A first mortgage lien is currently held by Wells Fargo Home Mortgage in the amount of $152,932.70, according to their proof of claim filed on May 25, 2012.

10.    Defendant's second mortgage is in the amount of $14,451.45, according to their proof of claim filed on May 10, 2012.

11.    Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim and Defendant's lien is void to the extent it is not allowed a secured claim.

12.    The amount owed on the first mortgage, $152,932.70, exceeds the value of the above real estate, $137,300.00.

13.    Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be avoided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Cir. 1990); Holloway v. U.S., 2001 WL 1249053 (N.D.Ill. Oct. 16,

2001); <u>In re Waters</u>, 276 B.R. 879 (N.D.Ill. 2002); <u>In Re McDonald</u>, 205 F.3d 606 (3rd Cir. 2000); <u>In re Bartee</u>, 212 F.3d 277 (5th Cir. 2000); <u>In re Lane</u>, 280 F.3d 663 (6th Cir. 2002); <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir. 2002); <u>In re Tannter</u>, 217 F.3d 1357 (11th Cir. 2000); <u>In re Mann</u>, 249 B.R. 831 (1st Cir. BAP 2000); <u>In re Pond</u>, 252 F.3d 1222 (2nd Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant CitiFinancial Services, Inc., stripping the Defendant's second mortgage on the Plaintiff's residential real estate.

ENTERED:

Donald R. Cassling
U.S. Bankruptcy Judge

Dated: **JUN 1 1 2012**

Angie S. Lee #6282075
Attorney for Plaintiff
Attorney Angie Lee, PC
4747 W. Lincoln Mall Drive, Suite 410
Matteson, IL 60443
708-845-7958

3